IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAYLA CARMICHAEL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-3469 |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| et al., | : | |
| Defendants. | : | |

<u>ORDER</u>

AND NOW, this 18th day of July, 2025, upon consideration of Plaintiff Shayla

Carmichael's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and Complaint (ECF No. 2) it

is **ORDERED** that:

1.     Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.     The Complaint is **DEEMED** filed.

3.     The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject

matter jurisdiction as explained in the Court's Memorandum.

4.     <u>**Carmichael may file an amended complaint within thirty (30) days of the**</u>

<u>**date of this Order if she seeks to pursue her FTCA claim against the United States (the only**</u>

<u>**proper defendant in an FTCA case) and if she can plead a basis for administrative**</u>

<u>**exhaustion**</u>.  Any amended complaint shall state the basis for Carmichael's claim as well as the

basis for this Court's subject matter jurisdiction under the FTCA, including matters related to

administrative exhaustion.  The amended complaint shall be a complete document that does not

rely on the initial Complaint or other papers filed in this case to state a claim.  This means

Carmichael must reallege the facts underlying her tort claim in the amended complaint.  When

drafting her amended complaint, Carmichael should be mindful of the Court's reasons for

dismissing the claims in her initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5.    The Clerk of Court is **DIRECTED** to send Carmichael a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Carmichael may use this form to file her amended complaint if she chooses to do so.

6.    If Carmichael does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7.      If Carmichael fails to file any response to this Order, the Court will conclude that Carmichael intends to stand on her Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

3