IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAYLA CARMICHAEL, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-3469 |
| : | |
| UNITED STATES POSTAL SERVICE, : | |
| *et al.*, : | |
|     Defendants. : | |

MEMORANDUM

**WEILHEIMER, J.**                                                                 JULY 21, 2025

    Plaintiff Shayla Carmichael brings this civil action against the United States Postal Service ("USPS") and its employee, Ellen Tarasca, based on allegations that her car was damaged by a USPS vehicle driven by Tarasca. Carmichael seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Carmichael leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction, with leave to amend.

**I.        FACTUAL ALLEGATIONS**

    Carmichael alleges that on March 29, 2024, Tarasca was operating USPS vehicle #7532023 on Lehighton Terrace in Upper Darby, Pennsylvania. (Compl. at 3.) When Tarasca turned right onto West Chester Pike, the passenger side of her vehicle allegedly "made contact with the rear of [Carmichael's] Range Rover which was legally parked against the curb." (*Id.*) Carmichael was not in the vehicle at the time and claims she "was not at fault in any way for the incident." (*Id.* at 4.) Carmichael alleges that her car was totaled as a result of the collision. (*Id.* at 3.) She seeks $12,185.07 in damages to compensate her for the loss of her vehicle and additional expenses she incurred. (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court grants Carmichael leave to proceed *in forma pauperis* because it appears that she does not have the ability to pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. The Court also must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues" on its own). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). The Court construes Carmichael's allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Carmichael's Complaint is best understood as raising claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2674. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). "Although the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official

name, the statute also provides that the FTCA [*i.e.*, the Federal Tort Claims Act] shall apply to tort claims arising out of activities of the Postal Service." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (quotations and citations omitted). The United States is the only proper defendant in an FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008); *see also Sconiers v. United States*, 896 F.3d 595, 595 n.1 (3d Cir. 2018) (amending caption in FTCA case to reflect that the United States was the proper defendant).

The FTCA, in turn, "confers federal-court jurisdiction in a defined category of cases involving negligence committed by federal employees in the course of their employment." *Dolan*, 546 U.S. at 484; *see also* 28 U.S.C. § 1346(b)(1). "As to claims falling within this jurisdictional grant, the FTCA, in a second provision, makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances,' though not 'for interest prior to judgment or for punitive damages.'" *Id.* at 485 (quoting 28 U.S.C. § 2674). Before a plaintiff can bring a FTCA lawsuit against the United States, the plaintiff must exhaust administrative remedies by presenting her claim to the appropriate federal agency.[1] *See* 28 U.S.C. § 2675(a). In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *see also Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018). This requirement is "jurisdictional and cannot be waived." *Shelton*, 775 F.3d at 569; *Wilson v. United States Gov't*, 735 F. App'x 50, 52 (3d Cir. 2018) (*per curiam*). For this reason, a plaintiff "must . . . plead administrative exhaustion in an FTCA case" so that the Court may determine its jurisdiction. *Colbert v. U.S. Postal Serv.*, 831 F.

---

[1] This is accomplished by filing a Standard Form 95 with the proper agency, here USPS. *See generally Bialowas v. United States*, 443 F.2d 1047, 1049-50 (3d Cir. 1971) (discussing Form 95); *see also* https://www.gsa.gov/system/files/SF95-07a.pdf (last accessed July 11, 2025).

3

Supp. 2d 240, 243 (D.D.C. 2011); *see also Hoffenberg v. United States*, 504 F. App'x 81, 83 (3d Cir. 2012) (*per curiam*) ("Under the FTCA, the plaintiff has the burden of establishing that a proper administrative claim has been presented.").

Here, Carmichael has not alleged any facts about whether she presented an administrative tort claim to USPS in accordance with the requirements of the FTCA prior to filing her lawsuit. Since the circumstances of Carmichael's efforts to exhaust, if any, are not clear from the Complaint, it follows that it is not clear whether the Court has jurisdiction. Accordingly, the Court will dismiss the Complaint without prejudice to Carmichael filing an amended complaint in the event she can cure this jurisdictional deficiency.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Carmichael leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction. As noted, Carmichael will be given leave to file an amended complaint if she can cure the jurisdictional defect identified above. An Order follows, which provides further instruction as to amendment.

BY THE COURT:

GAIL A. WEILHEIMER, J.

4